UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| SONIA S SOLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:24-cv-04023-SLD-JEH |
| | ) | |
| COMMUNITY HOME SERVICES MSC | ) | |
| ILLINIOS AGENTS LTD, COMMUNITY | ) | |
| HOME PARTNERS, UNITED STATES | ) | |
| DEPARTMENT OF HOUSING AND | ) | |
| URBAN DEVELOPMENT, STATE OF | ) | |
| ILLINIOS CIRCUIT COURT JUDGE LEE, | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Self-represented Plaintiff Sonia Solis files suit based on an eviction order entered against her in state court.  *See* Compl. 4, ECF No. 1.  The matter comes before the Court on Solis's petition to proceed *in forma pauperis* ("IFP"), ECF No. 2; motions to stay the eviction order entered in state court, ECF Nos. 3 & 4; and motion for e-filing, ECF No. 5.  For the reasons that follow, the petition to proceed IFP is GRANTED, the complaint is DISMISSED for lack of jurisdiction, and the remaining motions are, as a result, MOOT.

I.      **Petition to Proceed IFP**

Solis moves to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1).  She submitted an affidavit signed under penalty of perjury which demonstrates that she is unable to pay the costs of the proceeding.  *See* IFP Mot. 1–2.  Her petition to proceed IFP, therefore, is GRANTED.

1

## II.    Jurisdiction

### a.  Background

An order of eviction and a judgment for $7,257.53 was entered against Solis in state court.  *See* Jan. 18, 2024 Eviction Order 1–2, ECF No. 1-1 at 9–10.  She seeks a "[b]ill of [p]eace easem[ent] of residence writ" for 2709 7 ½ Street Rock Island, IL 61201, Compl. 4, the residence from which she was evicted, Jan. 18, 2024 Eviction Order 1.  Solis lists the amount in controversy in this suit as the total judgment entered against her via the eviction order.  *See* Compl. 4.  Given these allegations, it appears that the ultimate relief Solis is seeking is for the Court to overturn the eviction order and allow her to continue to live in the residence.  She also filed two motions asking the Court to stay the eviction order while this case is proceeding.  *See* Mot. Stay Execution 7 ("Solis respectfully Prays that the eviction order be stayed until this matter is resolved in U.S. District . . . ."); Emergency Mot. Stay Execution 7 (same).

### b.  Legal Standard

The court must dismiss an action if it determines at any time that it lacks subject-matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).  A doctrine referred to as *Rooker-Feldman* "prevents lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced."  *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 741 (7th Cir. 2016).  "The rationale for the doctrine is that no matter how wrong a state court judgment may be under federal law, only the Supreme Court of the United States has jurisdiction to review it."  *Id.* at 742; *id.* at 741 ("Lower federal courts are not vested with appellate authority over state courts.").  "Claims that directly seek to set aside a state court judgment are *de facto* appeals which trigger the doctrine."  *Id.* at 742.

### c. Analysis

This suit is a *de facto* appeal of the eviction order.  The relief Solis seeks is essentially an overturning of the eviction order.  Indeed, she has identified as the amount at issue in this case the amount of the state court judgment entered against her.  The eviction order was entered on January 18, 2024.  Solis filed this suit on January 24, 2024.  Because Solis is complaining about an injury caused by a state-court order that was entered before she filed suit in federal court, this Court lacks jurisdiction over her suit.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291–92 (2005) (recognizing that *Rooker-Feldman* is a jurisdictional doctrine).[1]

## CONCLUSION

Accordingly, Plaintiff Sonia S Solis's petition to proceed *in forma pauperis* ("IFP"), ECF No. 2, is GRANTED.  Her Complaint, ECF No. 1, is DISMISSED for lack of jurisdiction.  Her other motions, ECF Nos. 3–5, are MOOT.  The Clerk is directed to enter judgment and close the case.

---

[1] Even though Solis filed this suit while she still had time to appeal the order, *see* Ill. Sup. Ct. R. 303(a)(1) (providing thirty days from judgment to file a civil appeal), no appeal was pending when she filed the suit, so *Rooker-Feldman* still applies.  *Olsson v. Madigan*, 600 F. App'x 1009, 1011–12 (7th Cir. 2015) (affirming the district court's conclusion that the plaintiff's suit was barred under *Rooker-Feldman* even though it was "filed . . . before the time to appeal the state judgment had expired" because "no state-court appeal was pending when, or after, [the plaintiff] filed th[e] federal action").  The eviction order dictated that Solis move out of the property on or before February 2, 2024 by 5:00 p.m.  Jan. 18, 2024 Eviction Order 1.  The state court dockets reflects that a hearing was held on February 2, 2024, at which Solis appeared and the state court judge who entered the eviction order recused himself because Solis named him as a defendant in this suit.  *See* 2023EV812, Rock Island County, IL, https://judici.com/courts/cases/case_history.jsp?court=IL081025J&ocl=IL081025J,2023EV812,IL081025JL2023EV 812D1 (last visited June 24, 2024).  A second eviction order—with the same money judgment amount—was entered on February 16, 2024.  *See* Feb. 16, 2024 Eviction Order, ECF No. 4-1 at 1–2.  The docket does not conclusively reflect why a second order was entered.  In any case, because the record reflects that neither a motion for reconsideration nor an appeal was filed in the state case, the Court still considers this suit to have been filed after a final state court judgment was entered.

To the extent that conclusion is incorrect, the Court would alternatively dismiss this case as moot because the time for enforcing the eviction order has already passed.  *See, e.g.*, Feb. 16, 2024 Eviction Order 1 (ordering Solis to move out of the property by February 19, 2024); Feb. 26, 2024 Letter from Sheriff, ECF No. 5 at 11 (informing Solis that she would be forcibly evicted on February 27, 2024).

Entered this 24th day of June, 2024.

s/ Sara Darrow
_____
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
